## I. & G. N. Railroad Company v. Manley Hester.

### No. 6029.

1. **Employe—Personal Injury.**—To entitle an employe to recover damages for injuries arising out of the culpable fault or negligence of his employer the burden of proof is upon the former to show that the defendant was negligent, and that plaintiff at the time used ordinary care, such as a prudent person similarly situated would have used to avoid the injury.

2. **Due Care—Contributory Negligence.**—See facts held insufficient to support a verdict for damages involving culpable negligence on part of employer and proper care on part of the injured employe; testimony to both regarded insufficient.

3. **Employe—Duty and Responsibility.**—The employe is held by law to assume a capacity for the service he undertakes, and the requisite ability to perform it.

4. **Case Followed.**—Railroad Company v. Hester, 64 Texas, 403, followed.

Appeal from Travis. Tried below before Hon. A. S. Walker.

This is a second appeal. 64 Texas, 403. The opinion sufficiently states the case.

*Maxey & Fisher*, for appellant.—1. Plaintiff claims his injuries resulted from the recklessness and negligence of Arthur Wilson, the section boss and immediate representative of defendant. To authorize, therefore, a recovery against defendant, negligence on the part of Wilson was necessary to be proved. But there is in the record no evidence of negligence. On the contrary, the testimony shows that Wilson exercised a commendable degree of vigilance and care to shield plaintiff from harm; and when, as here, it is clear that the evidence adduced is not reasonably sufficient (under the circumstances of the case) to satisfy the mind of the truth of the allegations, the trial court should set aside the verdict, and upon its failure to do so this court will reverse the judgment. Chandler v. Meckling, 22 Texas, 42; H. & T. C. Ry. Co. v. Schmidt, 61 Texas, 285, 286; Jacobs, Bernheim & Co. v. Crum, 62 Texas, 401; I. & G. N. R. R. Co. v. Hester, 64 Texas, 403.

2. If plaintiff's injuries were the result of inevitable accident, or of his own negligence contributing directly thereto, he was not entitled to a recovery against defendant; and the verdict, finding negligence on the part of defendant, was wholly without evidence to authorize or support

it, and should have been set aside.   I. & G. N. R. R. Co. v. Hester, *supra;* Hathaway v. Mich. Cent. R. R., 51 Mich., 257.

3.   In accepting employment as a member of the section gang, defendant Hester not only assumed the risks ordinarily incident to the particular service, but he also assumed that he had the capacity to understand the nature and extent of the service and the requisite ability to perform it.   The charge of the court announced, in effect, a contrary rule, and was therefore erroneous.   I. & G. N. R. R. Co. v. Hester, 64 Texas, 403.

*James W. Smith,* and *Sneed, Pendexter & Burleson,* for appellees.—
1.   The defendant is liable for the injuries sustained by plaintiff, because it appears from the evidence that Arthur Wilson, the representative and vice principal of defendant, was guilty of negligence in ordering plaintiff to remove the hand car from the track at a time when it was impossible for plaintiff to obey the order without greatly increasing the danger of his situation, and because it appeared from the evidence that plaintiff was injured while attempting to execute the wrongful command of his superior.   Wall v. T. & P. Ry. Co., 4 Texas Law Review, p. 36, and cases therein cited; Chicago & N. Y. Ry. v. Bayfield, 37 Mich., 373, and cases therein cited; Cook v. Han. & St. J. R. R. Co., 63 Mo., 398; Cooley on Torts, p. 553, *et seq.;* Perry v. Marsh, 25 Ala., 659; Gibson v. Pacific R. R. Co., 46 Mo., 163; Chamberland, etc., R. R. Co. v. State, 44 Nev., 283; Baxter v. Roberts, 44 Cal., 187.

2.   The question of negligence being one purely of fact, this court should not disturb the verdict if there is any evidence in the record to support it.   The fact that the verdict may appear to be against the preponderance of the evidence, is not sufficient to warrant this court in setting aside the judgment.   The right to correct errors of this kind is committed by our practice to the trial courts.   G. H. & S. A. Ry. Co. v. Bracken, 59 Texas, 75; Anderson v. Anderson, 23 Texas, 639; Howard v. Ray, 25 Texas, 88.

Hobby, Judge.—This is a suit by appellee against appellant to recover damages for personal injuries sustained by the former in a collision between a passenger train and a hand car, and which occurred while appellee was in the employment of appellant as a section hand of a gang of four men, of which one Wilson was section boss and representative of appellant.

The appellee, Hester, alleges that his injuries resulted directly from the negligent and reckless orders of said Wilson to remove the hand car, on which said section gang were proceeding to work, from the track while the same was in close and dangerous proximity to the rapidly approaching passenger train, the collision occurring while Hester was endeavoring to execute the alleged reckless orders of said Wilson.   The trial resulted

in a verdict for $2500, upon which judgment was rendered.    Appellants moved for a new trial, which motion was overruled, and this appeal is prosecuted upon ten assignments of error.

We do not deem it necessary to notice each of these assignments, for the reason that upon a former appeal of this cause, upon substantially the same facts contained in this record, it was held, in passing upon the sixth assignment of error, now presented to us as the first, that "no culpable negligence upon the part of appellant or its agents was shown, but that upon the contrary Wilson" (whose alleged negligence was the cause of appellee's injuries) "seemed to have discharged his duty faithfully and with due care, considering his situation." I. & G. N. R. R. v. Hester, 64 Texas, 401.

The first assignment of error presents for our determination the question, whether the verdict in this case is contrary to the law and the evidence, and whether there is any evidence to support it.

It is insisted by appellant that the entire testimony affirmatively proved "that Wilson was not only not negligent, but that at the time of and prior to the collision he was in the exercise of the greatest care, and throughout did all that a careful and prudent man could do to prevent the accident and protect his men from injury," and that said testimony proves that "the injuries received by appellee, if not the result of inevitable accident, resulted directly and proximately from his own want of ordinary care in failing, with ample time before him, to remove himself from the path of a known and apparent danger to a place of safety." If by applying generally accepted legal principles governing cases of this character to the proof in this case the action can not, by any reasonable construction of the testimony, be maintained, the disposition of the remaining assignments is unimportant.

One of these legal principles in a case like the present is well established, that to entitle the plaintiff to recover damages for injuries arising out of the culpable fault or negligence of the defendant the burden of proof is upon the former to show that the company was negligent, and that he, at the time, must have used ordinary care, such as a prudent person similarly situated would have used to avoid the injury complained of. 1 Hilliard's Torts, p. 134; Pierce on Railroads, p. 382, and cases cited.

It appears from the evidence that appellee had served some time as a section hand under Wilson, and previously served in the same capacity under one Ryan; that he knew the duties of his service as a section hand, in common with others of the gang, required him, when ordered, to go upon the hand car along the line of his section to repair the track. In so doing they were expected to keep a sharp lookout for passenger, freight, and wild trains, and to remove the hand car from the track to allow them to pass. The night before the collision, Wilson's gang, of

which appellee was one, was ordered to go up the road from Duval, the starting point, toward Round Rock, to do some work. Knowing that the south-bound passenger train was behind time when they started in the morning, and it being a dark and foggy morning, they proceeded cautiously with the hand car, keeping a sharp lookout for its approach, Wilson sitting in front with his hand on the brake, and stopping several times to listen for its approach, went at the rate of about two miles an hour. The passenger train was seen approaching when the hand car had reached a point about four miles from Duval. The evidence is conflicting as to the distance it was from the hand car when first seen, varying from 50 to 250 yards. Wilson at once ordered the hands to remove the hand car from the track, which order they (appellee among them) endeavored to obey. When it was removed about half way across the track, Wilson ordered the men to "stand clear and let her go." All the men except appellee obeyed this order; he only was injured. He says he was very much excited; that when the collision occurred he was holding the car and endeavoring to get it off; did not hear Wilson's order to "stand clear and let her go." One of the witnesses testified that "when the train was first seen by appellee and myself the danger was apparent;" that "it was reckless to stand and try to get the hand car off the track after the order was given to get out of the way;" that "he thought appellee could have gotten away in time to have kept from being hurt;" that "none of the rest of the gang was hurt—they stood clear when ordered to;" that appellee, "when ordered to stand clear, seemed somehow to not turn loose when he was told to get out of the way, while the rest of us did turn loose and get out of the way." Appellee "was on the side of the track where the car was pitched" by the collision; the others "were on the other side." One witness testified that appellee "was short-sighted and partly deaf, and seemed stupid, having to be told two or three times about his work."

Applying the rule of law cited above to the facts in this case, it does not appear that appellee's injuries were the direct result of the culpable fault or negligence of Wilson. Nor do we think that, read in the most favorable light for appellee, they affirmatively show the exercise on his part of such care as a reasonably prudent man would have used under like circumstances.

It was said in this case upon a former appeal that when Hester accepted the employment "he not only assumed the risks ordinarily incident to the particular service, but that he also assumed that he had the capacity to understand the nature and extent of the service and the requisite ability to perform it." I. & G. N. R. R. v. Hester, 64 Texas, 403. It was further held that "if injury results from such assumed risks without the risks being increased or aided by the negligence of the

company or its superintending agencies, it will be considered an inevitable accident for which no liability can attach to the company." Id.

In accepting such employment appellee comes within the rule of law that when a servant is employed upon work which equally within the knowledge of the master and servant is of a dangerous nature, the master is not liable for the consequences of an accident occurring to the servant in the course of his employment, unless there be negligence on the part of the former and the absence of rashness on the part of the latter. He is bound to exercise his own skill and judgment so as to protect himself in the course of his employment, and the master is not regarded as warranting generally his safety. He is bound himself to exercise proper care, and can not claim indemnity from the master for injuries resulting to him which might have been prevented if he had himself been reasonably vigilant.

The question is in such cases whether the servant knew or ought to have known of the existence of the danger. Wood's Law of Master and Servant, sec. 328; Int. R. R. v. Doyle, 49 Texas, 190; H. & T. C. R. R. v. Oram, Id., 345.

If the disposition made of the foregoing assignment of error is correct, it seems to us decisive of the case, and we think the discussion of the remaining assignments would be the consideration of abstract legal questions, and however determined could not affect the case.

We are of opinion that for the reasons stated the cause should be reversed and remanded.

*Reversed and remanded.*

Adopted October 30, 1888.