## G. DUKE CRAWFORD v. HOUSTON & TEXAS CENTRAL RAILWAY CO.

### No. 364.—Decided December 23, 1895.

**1. Contributory Negligence—Question of Law.**

While negligence is usually a question of fact for the jury, yet when the facts have been ascertained it becomes a question of law as to whether or not the facts so found are sufficient in law to establish the fact of negligence. This applies alike to contributory negligence when a defense. See opinion for facts under which a switchman who, in attempting to uncouple cars, finding the pin caught in the draw head, walked between the moving cars endeavoring to pull it out until his foot was caught in a switch forty feet away, the location of which he knew, and was run over, was held, as matter of law, to have assumed the risk or been guilty of contributory negligence preventing a recovery. (P. 92.)

**2. Case Followed.**

T. & P. Ry. Co. v. Bradford, 66 Texas, 737, ·followed as to non-liability of employer for injury received by employe while in the discharge of a dangerous work, the danger being known and risk assumed by employe. (Pp. 92, 93.)

**·3. Liability of Purchaser at Receiver's Sale.**

The purchaser of a railroad from a receiver is not liable for injuries inflicted subsequent to the sale, but while the property still remained in control of the receiver, unless it be shown that permanent improvements, etc., were made from the earnings since such sale. (Pp. 93, 94.)

**·4. Practice in Supreme Court.**

Under article 941, section 8, Revised Statutes of 1895, when a writ of error is granted upon petition showing that the judgment of the Court of Civil Appeals "practically settles the case," if the Supreme Court approves such judgment, it will render final judgment accordingly. (P. 94.)

ERROR to Court of Civil Appeals for First District, in an appeal from Harris County.

This was an action by Crawford against the Houston & Texas Central Railway Company for damages for personal injuries. Judgment in trial court for plaintiff, which was reversed on appeal. Questions involved are discussed in Railway v. Crawford, 88 Texas, 277, on questions certified.

In the application for writ of error it is alleged: That said judgment of the Court of Civil Appeals "practically settles the case" because no proof other than that made on the former trial could be produced on another. Plaintiff in error prayed for the writ "Because the Court of Civil Appeals erred in its inference (or conclusion of law) from the facts in evidence that appellee's own negligence contributed to his injury, thereby defeating his recovery, the error complained of being that the court reversed the jury's finding of fact upon the issue of contributory negligence, and decided, as a matter of law, that appellee was guilty of contributory negligence and therefore could not recover, and that the trial court should have so charged the jury.

Petitioner urged that ·the record disclosed no such state of facts as would warrant either the trial court or the Court of Civil Appeals in thus invading the province of the jury. (Cooley on Torts, 801.)

Cases involving issues of contributory negligence and presenting facts similar to the one at bar have been passed upon by our Supreme Court,

and this court has held therein that, in view of such facts, the question of negligence vel non is a fact for the jury. (Railway v. Murphy, 46 Texas, 365; Railway v. Overheiser, 76 Texas, 440; Railway v. Robertson, 82 Texas, 662.) It was error in the said Court of Civil Appeals to thus attempt to overrule this court in said holding, which involves a vital principle of our common law.

Prayer for writ of error and reversal of judgment of Court of Civil Appeals. "But if this court finds as error the decision of said Civil Appeals Court, then petitioner acquiesces in an affirmance of it here."

The facts are given in the opinion of the court.

*F. F. Chew, Sr.* and *W. G. Love,* for plaintiff in error.

*Baker, Botts, Baker & Lovett.* for defendant in error, cited: Rogers v. Gal. City Ry. Co., 76 Texas, 502; Railway v. Bradford, 66 Texas, 734; Railway v. Lempe, 59 Texas, 19; Railway v. Drew, 59 Texas, 10; Watson v. Railway, 58 Texas, 434; Railway v. Denny, 5 Texas Civ. App., 366; Railway v. Fowler, 56 Texas, 452; Railway v. Whitmore, 58 Texas, 276; Railway v. Somers, 78 Texas, 439; Railway v. Dillard, 70 Texas, 62; Railway v. Doyle, 49 Texas;, 190; Railway v. Turner, 3 Texas Civ. App., 487.

BROWN, ASSOCIATE JUSTICE.—Plaintiff in error sued Charles Dillingham, as Receiver of the Houston & Texas Central Railroad Company, to recover damages for personal injuries received while he was in the employ of said Dillingham as Receiver. Dillingham had been appointed Receiver for the said railroad company's property by the Circuit Court of the United States, which property, under the orders of said court, was sold, and finally became the property of the defendant in error, which was made a party to the suit after Dillingham's discharge by the United States Court. It is unnecessary in this case to set out the facts connected with the receivership and the transfer of the property to the defendant in error.

The plaintiff in error, in his petition, charged as grounds for his recovery two acts of negligence on the part of the Receiver,—that is, that the Receiver negligently furnished round coupling pins, instead of flat pins, which were safer, and that, by reason of the character of the pin, it became fastened in the holes in the drawhead so that it could not be removed by the plaintiff, and thereby caused his injury. Second, that one Harry Smith was foreman of the crew to which plaintiff belonged, and negligently absented himself from the engine, on which account plaintiff failed to receive the notice of danger, which he otherwise would have received in time to have prevented the injury, and that from that cause he received his injury. The defendant, among other things, plead that the plaintiff was guilty of contributory negligence, setting out the negligence specifically.

From the findings of the Court of Civil Appeals, which are not controverted, but in the application admitted to be correct, we make the following statement of facts applicable to the question to be determined:

Crawford was a switchman in the yards of the Houston & Texas Central Railway Company at Houston, Texas, and had been so engaged at that place for about two years. He was familiar with the yard and the switches therein. He belonged to a crew consisting of the foreman, Harry Smith, and two other besides himself, whose duty it was to switch the cars in the yard when required. He did not habitually uncouple and couple cars, but it was his duty to do so when occasion required, and he had frequently performed that service. On the occasion when he received his injury he was at work in the yard at night. The foreman, Smith, put the plaintiff in charge of the engine and directed him to uncouple and switch certain cars standing upon the track. It was dark, and he had a lantern which he carried with him on such occasions. Plaintiff first threw the switch, and then went to the cars to be switched and undertook to uncouple them by withdrawing the coupling pin from the drawhead. These cars were situated about forty feet from the switch which he had just thrown. He found the pin fast in the drawhead so that he could not remove it, whereupon he stepped out from between them and signalled to engineer to back up in order to loosen the pin. When the engineer backed the cars up plaintiff again stepped in between the cars and undertook to withdraw the pin; it was somewhat loose but still hard to remove, and he continued working at it, thinking that he could pull it out, all the time walking between the cars and between the rails of the track in the direction of the switch. Plaintiff knew, when the cars began to move, he was about forty feet from the switch, that he was going in the direction of it; but, under the impression that he would be able to remove the pin and get out from between the cars before reaching the switch, he continued his effort to do so. He finally removed the pin, the cars still being in motion, and attempted to leave the track and get from between the cars, when one of his feet was caught and he was run over by the cars, both legs being broken, one of which was afterwards amputated. Plaintiff testified that the foreman generally threw the switches and made the signals, and that if he had been present and found that appellee was remaining between the cars an unusual time, he, the foreman, would have given the signal to stop; but he knew on this occasion that the foreman was not present, and that he himself had been directed to perform these duties.

Upon this state of facts the District Court, in the trial before a jury, rendered judgment for the plaintiff for ten thousand dollars, which, upon appeal, was reversed by the Court of Civil Appeals and the cause remanded, for the reason that the plaintiff was guilty of contributory negligence, which caused his injury, and was, therefore, not entitled to recover.

The plaintiff applied for a writ of error in this case upon the ground that the judgment of the Court of Civil Appeals practically settles his

case, stating in his petition the facts necessary to bring it within article 1011a, sec. 8, Rev. Stat., as amended by the Twenty-third Legislature. (Laws 23rd Legislature, p. 145.)

Negligence is usually a question of fact for the jury; but, when the facts have been ascertained and definitely settled, it becomes a question of law as to whether or not the facts so found are sufficient in law to establish the fact of negligence. One who is guilty of negligence himself, by which his injury is occasioned, or which proximately contributes to his injury, cannot recover of one whose negligence he alleges caused his injury, although the latter may have been likewise guilty of negligence.

We have carefully considered this question upon the facts as presented, and we believe that the Court of Civil Appeals rightly held that the plaintiff was guilty of such negligence as to bar him from a recovery in this case. The negligence was so manifest and clearly established by his own evidence that a verdict in his favor could not properly be sustained by the court; in other words, it is the duty of the court upon the facts to hold as matter of law that the plaintiff could not recover, and it would have been proper for the trial court to have instructed a verdict for the defendant.

It is unnecessary for us to enter into a discussion of this case, since the opinion of the Court of Civil Appeals carefully and thoroughly discusses the facts, and correctly determines the question presented for consideration. We will briefly state, however, that from the testimony it appears that at the time the plaintiff entered between the cars, after they had been put in motion by his own signal, he knew that the pin in the drawhead was fastened; that he was going in the direction of the switch, within a short distance of it, and he fully understood the danger of approaching the switch while between the cars. He knew that the foreman was not present to give him any warning or to stop the cars in case of necessity, and that he himself had been directed to perform this duty. He not only knew that it was dangerous to approach a switch under such circumstances, but knew and fully appreciated the presence of that danger at that time, under the circumstances by which he was surrounded. Such being the state of facts he assumed the risk attending the performance of the service, and by continuing in the work under the imminent danger was guilty of contributory negligence, which was the proximate cause of the injury received, and, therefore, can not recover. In the case of Texas & Pacific Railway Company v. Bradford, 66, Texas, 737, the court said: "It has sometimes been held that, although the servant may have been aware of the defect, yet, if a man of ordinary prudence on this account would not have refused to do the work, but would have continued in the service and have attempted to perform it, that then he may recover for an injury resulting from such defect.

"It seems to us that such a rule is unsound; for if the servant, acting as a prudent man would ordinarily act, would undertake to do the work

with knowledge of the defect, this very test relieves the master from liability; for the obligations and duties of master and servant are correlative; each is held to that degree of care, in reference to all matters affecting the safety of the servant while in the master's employment, which men of ordinary prudence would or ought to exercise under the same circumstances. If the servant, with knowledge of the defect, as a prudent man, may undertake the work, can it be said that the master has not exercised that degree of care required of him? It would seem, however, that the appellee had knowledge even of the danger; for, in detailing the manner in which the injury occurred, he stated that, when the end of the rail reached the highest elevation to which it was intended to carry it, his assistants were to give the words which were to indicate that fact, "and then I expected to look out for the drop."

"Why look out for the drop? Evidently for no other reason than that he knew that there would be danger to himself in the fall of the rail—that he might be injured just as he was—and that on this account it was necessary for him to know just when the rail would fall that he might take such precautions as were necessary for his own safety." The ground upon which this decision is placed by the court, is that the injured party at the time, not only knew that there was a defect, and therefore danger, but that the danger was present and imminent, and that by undertaking the performance of the service under such circumstances he assumed the risk attending its performance. The reason is equally applicable to the facts of the present case.

It becomes unnecessary for us to notice the assignments of error on the part of the defendant in error presented in the court of Civil Appeals in this case, but we have concluded that, since the Court of Civil Appeals seems to have misapprehended the scope of the decision of this court upon the certified question, it is proper for us to call attention to our former opinion upon the question of the liability of the present defendant in error for the damages arising during the receivership. In the opinion heretofore given by this court upon certified question in this case it was held, in substance, that the purchaser, Olcott, and the railroad company purchasing from him would be liable for claims against the Receiver, accruing between the date when the title was conveyed by the Receiver to Olcott and the time when the property was delivered to the Houston & Texas Central Railway Company, if it should appear that the Receiver during said time applied the revenues derived from the earnings of the road in his hands during that time to the permanent improvement of the property. But the plaintiff had no claim upon the earnings of the road in the hands of the Receiver accruing prior to the time the title passed to Olcott, because his injury occurred subsequent to that time; therefore, any use made of such earnings would not be a diversion of a fund to which he was entitled. Moreover, if the improvements were made before the conveyance to Olcott by the Receiver, then his purchase of the property included the improvements theretofore made, and he and his vendee would not be liable, for the reason that,

having paid for the improvements in the purchase of the road, they would not be receiving a benefit from such improvements. The evidence in this case did not show the date at which the improvements upon the road were made, nor the time during which the funds thus applied were earned; that is, whether it was by the earnings of the road before or subsequent to the sale and conveyance of the property to Olcott. As plaintiff's right to recover against the defendant in this case depended upon the fact that improvements were made by the receiver after the sale and conveyance, by the application of earnings arising subsequent to that sale, it was necessary to allege and prove these facts to entitle him to a judgment against the defendant.

Article 1011a, Rev. Stat., as amended by the act of the Twenty-third Legislature, as applicable to this case is as follows: "All cases shall be carried up to the Supreme Court by writs of error upon final judgment, and not on judgments reversing and remanding cases, except in the following cases, to-wit: *. * * Section 8. When the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error, and the attorneys for petitioner shall state that the decision of the Court of Civil Appeals practically settles the case, in which case if the Supreme Court affirms the decision of the Court of Civil Appeals it shall also render final judgment accordingly." (Rev. Stats., 1895, art. 941, sec. 8.)

Under this statute it is the duty of this court to enter such judgment as the parties are entitled to upon the finding of the Court of Civil Appeals on the question of contributory negligence.

It is therefore ordered, adjudged and decreed by the court that the plaintiff, G. Duke Crawford, take nothing by his suit, and that the defendant, the Houston & Texas Central Railway Company, go hence without day and recover of the plaintiff, G. Duke Crawford, all costs in this behalf expended, and that this judgment be certified to the District Court for observance.

*Reversed and rendered.*