THOMAS S. JONES v. GALVESTON, HARRISBURG AND SAN ANTONIO
RAILWAY COMPANY.

### No. 618.

**Contributory Negligence—Acting Under Orders of Vice-Principal.**

The servant will be guilty of contributory negligence if he fails to exercise proper care and vigilance in protecting himself from danger, even when acting under the direct orders of a vice-principal.

APPEAL from Gonzales.    Tried below before Hon. T. H. SPOONER.

*Fleming, Camp & Camp,* and *Burgess & Hopkins,* for appellant. —The court erred in sustaining the general exception of defendant company to the plaintiff's petition in this cause, the same showing a cause of action which authorized the plaintiff to recover therein.   Railway v. Peters, 27 S. W. Rep., 257; Railway v. Bradford, 66 Texas, 737; Railway v. Beatty, 73 Texas, 592; Beach on Con. Neg., sec. 40; Schum v. Railway, 107 Pa. St., 8; 52 Am. Rep., 469; 4 Am. & Eng. Encycl. of Law, note 3, page 48.

*McNeal, Harwood & Walsh,* for appellee.—A petition which shows on its face that a servant, who brings suit for damages for personal injuries sustained while in the course of his employment, had equal knowledge with the master of the danger incident to the work; or by the exercise of due care could have known that such danger was imminent, and as open to the observation of the servant as it was to the master; and that knowing these facts, the servant continued in the performance of the work that injured him, is subject to general demurrer.   Railway v. Lempe, 59 Texas, 19; Railway v. Hester, 64 Texas, 401; Railway v. Hester, 72 Texas, 40; Railway v. Tarver, 72 Texas, 308; Railway v. French, 86 Texas, 96; Eddy v. Rodgers, 27 S. W. Rep., 295; Dallas v. Railway, 61 Texas, 201; Railway v. Faber, 65 Texas, 344; Railway v. Crowder, 65 Texas, 503; Cooley on Torts, 543 et seq., and cases cited.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages by appellant on account of injuries sustained by his being thrown from a hand car through the negligence of the foreman of a section gang.   A general demurrer was sustained to the petition by the district judge, and its sufficiency is the only question before this court.

There are three grounds of negligence alleged: first, that appellant was ordered by the foreman to take a seat in a certain position on the rear of the car, near the brake handles; second, that the car was being run very rapidly backwards and down grade; and, third, that appellant was ordered by the foreman to arise and lay hold of the brake handles at a time when they were working up and down very rapidly, and it was impossible for him to do so without being struck by the handles.

It is also alleged that appellant did not know the danger that would result from obedience to the orders of the foreman, and that the foreman either knew or could have known by the exercise of reasonable care and scrutiny the danger attending the execution of his orders.

The master is not an insurer of the servant against danger ordinarily incident to or arising out of his employment, and the latter will be guilty of contributory negligence if he fails to exercise proper care and vigilance in protecting himself from danger, even when acting under the direct orders of a vice-principal. Employes must be regarded as free agents, capable of protecting themselves from dangers that are as open and apparent to them as to their employers, and where there has been a lack of ordinary care and prudence in guarding against such dangers, the employer cannot be held responsible. In other words, the servant of mature years, when he enters the service of the master, will be presumed to have retained the judgment and discretion common to the ordinary man, and he cannot justify acts of contributory negligence on the ground that he acted under orders, when by the exercise of the ordinary faculties of the mind, he could have seen the danger and have protected himself from the same. He is presumed to know and comprehend obvious dangers which require no skill or experience to be appreciated, or such dangers as the skill and experience he may have, ought reasonably to charge him with. The negligence of the master cannot be predicated simply on the fact that he ordered his employe to do the work, and this is true whether the work was within the scope of the ordinary duties of the employe or not. Bailey, Master's Liability, 223; Cole v. Railway (Wis.), 37 N. W. Rep., 84. In the Wisconsin case, Cole was the foreman of a bridge gang, and in obedience to the request of the superintendent, undertook to do certain work with an engine not connected with his employment, and while so engaged was injured, and the court said: "He made no objection to doing the work on the ground that it was dangerous, or that he had not sufficient knowledge or experience to do the same safely to himself and the men under his charge. Under these circumstances, it seems to us that no negligence can be attributed to the company for directing him to do the work. He undertook the work voluntarily, knowing the general danger of the employment, and the rule applicable to work done in his ordinary employment must be applied to the work done by him under such order." In the case of Leary v. Railway (Mass.), 2 N. E. Rep., 115, the court says: "To morally coerce a servant to an employment the risks of which he did not wish to encounter, by threatening otherwise to deprive him of an employment he can readily and safely perform, may sometimes be harsh. But when one has assumed an employment, if an additional and more dangerous duty is added to his original labor, he may accept or refuse it. If he has an executory contract for the original service, he may refuse the additional and more dangerous service, and if for that reason he is discharged, may avail himself of his remedy on his contract."

The allegations in the petition in this case, which we will consider

as though each and every one of them had been fully proved, show that appellant was a robust man, thirty years of age, at least well enough acquainted with his duties as to be anticipating advancement and promotion; that he willingly seated himself near the brake handles on the hand-car, which was to move down grade backwards to the station; that while thus seated he was ordered by the foreman, who was sitting just opposite to him on the same end of the hand-car, to arise and take hold of the handles in order that he might stop the car at the station.    At the time this order was given, appellant was seated directly under the swiftly moving brake handles, and while he did not, as alleged, know that it was dangerous for him to raise his person so as to bring it in contact with the handles, he is chargeable with the knowledge.    Any man, it would seem, of ordinary intelligence, would have seen and appreciated the danger.    This has additional force because appellant knew that it was unnecessary for him to arise, as he could have stopped the car by merely "pressing his hand against said brake handle and without rising from his sitting posture," and he also knew that at the station "the hand-car would have stopped without applying the brake."    The exercise of the most ordinary and common prudence would have indicated to appellant the danger of endeavoring to stand up under the rapidly ascending and descending brake handles.    It did not take skill and superior knowledge to ascertain this, but the exercise of the same faculties that would teach a man not to place his hand in the fire, or voluntarily place himself in the way of any plain and palpable danger. He was bound to exercise his own skill and judgment, and cannot claim damages from his employer on account of injuries which might have been prevented had he been reasonably vigilant.    Railway v. Hester, 72 Texas, 40; Johnson v. Railway (Texas Civ. App.), 30 S. W. Rep., 95; Railway v. Williams, 72 Texas, 159.

In the case of Railway v. French, 86 Texas, 96, the Supreme Court says:    "The plaintiff was a man of mature years, and while it is alleged that he was inexperienced in this work, it is not alleged that there was any danger in the performance of the work that was of a character that required any experience to understand, but the facts do show that the danger was such as was open to the observation of any man of ordinary mental capacity, and equally apparent to plaintiff as to Collins" (the foreman).    So, in this case, the dangers of the situation could have been as readily perceived by appellant as by the foreman, and appellant assumed all the risks arising therefrom.    Railway v. Lempe, 59 Texas, 22; Railway v. Bradford, 66 Texas, 736.

It is urged by appellant that there was a sudden emergency, and that there was no time for appellant to take into consideration the result of his obedience to the orders of the master.    This position, however, is untenable, not only because the allegations show that appellant had for some time been in his position on the hand-car, before he was ordered to arise, and should have been acquainted with all the surroundings, but because he does not claim that he acted upon a sudden

emergency calling for speedy action, but that he acted knowing he could have stopped the car by pressing the brake handle without rising, and knowing the car would stop itself at the station, and for the reason that he wished to do his duty and thought the foreman was possessed of superior knowledge. The authorities cited by appellant do not sustain his propositions.

It is unnecessary to further pursue the subject. The allegations clearly indicate that appellant was guilty of contributory negligence and proof of the allegations would not sustain a judgment against the railroad company, and the judgment of the District Court is therefore affirmed.

*Affirmed.*

Delivered June 13, 1895.

Writ of error refused.