## W. E. Reeves v. Galveston, Harrisburg & San Antonio Railway Company.

### Decided November 28, 1906.

**1.—Charge—Fellow Servant—Vice-Principal.**

A charge is not subject to the objection that it is contradictory because, after properly defining fellow servant, it instructed the jury to find for plaintiff on the theory that W. was vice-principal as to plaintiff, but not to find for plaintiff if they found that W. and plaintiff were fellow servants.

**2.—Master's Order—Contributory Negligence—Assumed Risk.**

The defense of contributory negligence or assumed risk is not always or necessarily eliminated by the fact that the act causing the injury is done in obedience to the master's order.

**3.—Charge—Evidence to Warrant.**

Where only one witness testifies to a state of facts it is sufficient to warrant the court in submitting to the jury the phase of the case made by said testimony.

**4.—Grouping Assignments—Proposition Thereunder.**

Where three assignments of error complained of three different portions of the charge, all relating to the same subject, and each assignment alleged in general terms that the court erred in giving the particular portion of the charge therein complained of, it is not permissible to group said assignments

and claim by a proposition thereunder that said charges gave undue prominence to the issue to which they referred and that they were contradictory of each other. To support such a proposition there should have been a separate and distinct assignment to that effect.

Appeal from the District Court of Val Verde County. Tried below before Hon. B. C. Thomas.

*Joseph Jones, Hugh R. Robertson* and *H. E. McMains,* for appellant. —The plaintiff having been injured while obeying the master's orders in doing a dangerous piece of work in a dangerous place, under the assurance of the vice-principal that he would assist and protect him, was not chargeable with contributory negligence or assumption of the risk as a matter of law, and the unqualified limitation of plaintiff's right to recover on account of contributory negligence and assumed risk, as contained in the court's charge, was an unauthorized limitation of plaintiff's rights and calculated to confuse and mislead the jury to plaintiff's prejudice by directing them to plaintiff's acts of obedience as constituting negligence or assumption of risk, regardless of the order and assurance of protection. Galveston, H. & S. A. Ry. v. Puente et al., 70 S. W. Rep., 363; Galveston, H. & S. A. Ry. v. Sanchez, 65 S. W. Rep., 893; Louisiana Ex. Ry. v. Carstens, 19 Texas Civ. App., 190; 5 Thomp. Neg., sec. 5379.

The charge set forth in the first assignment is contradictory, irreconciliable, misleading and on the weight of the evidence, because after instructing the jury that if they believed from a preponderance of the evidence, that William Willig was entrusted by the defendant with the power to superintend, direct, control and manage plaintiff while in the performance of his work, etc., then to find a verdict for plaintiff, unless they further found that plaintiff and Wilig were fellow servants. Rev. Stats., arts. 4560f, 4560g; Giddings & Giddings v. Baker, 80 Texas, 314, 315; Baker v. Ashe, 80 Texas, 357, 360; Mayor of Houston, etc., v. Houston Belt & M. Ry., 84 Texas, 594; Stooksbury v. Swan, 85 Texas, 571; Barton v. Stroud-Gibson Gro. Co., 40 S. W. Rep., 1051; Kraus v. Haas, 25 S. W. Rep., 1029.

It was error to give the charges complained of in the sixth and seventh assignments, because plaintiff was injured while performing his work in the manner and place directed by his vice-principal, and he had the right to rely on the assurances of his vice-principal that he would protect him and was justified in obeying the order—the danger of doing so not being obvious to one in his situation—without being chargeable with the assumption of the risk of so doing. Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287; Bookrum v. Galveston, H. & S. A. Ry., 57 S. W. Rep., 919.

The court erred in the eleventh paragraph of its charge, which is as follows:

"The jury are instructed that the burden of proof is on the defendant to show contributory negligence of the plaintiff, unless it appears from the plaintiff's own evidence. If it does so appear, you will find for the defendant." Gulf, C. & S. F. Ry. v. Shieder, 88 Texas, 162; Texas & Pac. Ry. v. Reed, 88 Texas, 447.

*Baker, Botts, Parker & Garwood* and *Garrett & Davis,* for appellee.—
The fifth paragraph of the court's charge is not erroneous in the sense
that it places an unauthorized limitation on the appellee's right to re-
cover on account of contributory negligence, or assumed risk. The plain-
tiff sought to recover on account of alleged negligence chargeable to the
master, and if supported by the facts, either the defense of contributory
negligence or assumption of the risk were available as a defense to his
case. If the proof showed that the injury was the direct result of his own
failure to exercise ordinary care he could not recover though the master
was guilty of negligence as charged. If the danger was as open and
obvious to him as to his alleged superior he assumed the risk though
he acted in obedience to orders. Haywood v. Galveston, H. & S. A. Ry.,
85 S. W. Rep., 434; Galveston, H. & S. A. Ry. v. Sanchez, 65 S. W. Rep.,
894; Texas Cent. Ry. v. Hicks, 50 S. W. Rep., 1126; Jones v. Galveston,
H. & S. A. Ry., 31 S. W. Rep., 706; Johnson v. Galveston, H. & S. A.
Ry., 30 S. W. Rep., 95; International & G. N. Ry. v. Hester, 72 Texas,
40; Houston & T. C. Ry. v. Conrad, 62 Texas, 627; International & G.
N. Ry. v. Arias, 30 S. W. Rep., 446; Baltimore & P. Ry. v. Jones, 95
U. S., 439; Houston, E. & W. T. Ry. v. DeWalt, 96 Texas, 121.

The charge complained of was neither misleading, contradictory nor on
the weight of the evidence. If it be conceded that the "second scratch
boss," Willig, was superintending the work in which appellant was en-
gaged, still it was shown, according to appellant's testimony, that appel-
lant and Willig were, at the time of the accident, fellow-servants under the
rule in this State. Rev. Stats., art. 4560g; Gulf, C. & S. F. Ry. v.
Howard, 96 Texas,—; Gulf, C. & S. F. Ry. v. Schwabbe, 1 Texas Civ.
App., 573; Texas & Pac. Ry. v. Reed, 88 Texas, 448.

Under the appellant's theory he had the burden of showing by facts the
nonexistence of the relation of fellow servants between himself and Willig.
He wholly failed to meet the measure of proof under the law, and the
charge, if considered to some extent conflicting, was harmless. Failing in
his proof appellant sustained no injury by the charge. Galveston, H.
& S. A. Ry. v. Delahunty, 53 Texas, 207; Texas Mex. Ry. v. Uribe, 85
Texas, 386; St. Louis S. W. Ry. v. Campbell, 34 S. W. Rep., 186;
Bowles v. Price, 66 Texas, 724.

If the risk and attendant danger of trying to pull out the tie, while
in the dangerous position occupied by him, was known to plaintiff, or if
apparent to him, and must necessarily have been known to him in his
work, then he assumed the risk incident to trying to remove the tie in
such way. As to whether he was acting in obedience to direct orders was
an issue of fact on which the testimony sharply conflicted. The charges
properly submitted the questions to the jury. Jones v. Galveston, H. &
S. A. Ry., 31 S. W. Rep., 707; Texas & Pac. Ry. v. French, 86 Texas,
96; Texas & Pac. Ry. v. Bradford, 66 Texas, 736.

JAMES, CHIEF JUSTICE.—Plaintiff Reeves alleged injury to himself
as caused by the negligence of William Willig who he alleged had been
entrusted by defendant with authority to command, control and direct
him, an employe, in ordering him to assume an unusually dangerous posi-
tion astride a tie, in order to release it from under a rail where one end

of it had lodged, and in failing to hold the end of the tie, as he had led plaintiff to believe he would do.

To exhibit the nature of the accident we may state that the gang was at work on a bridge clearing it of gravel and extricating some ties to replace them with others. The gravel extended about four feet out from the rails, and after the gravel had been dug out from around the tie in question and beyond the rails to the guard rail, plaintiff knocked the tie from the north rail and Willig knocked the tie from the south rail. The latter then pushed the rail out to the north and when it had passed out under the north rail all but a few inches it got caught. Plaintiff then got out beyond the rail on the north side and got astride of the tie, placing one foot on each side of it stooped down and lifted the tie when it became released from where it had been caught tilted up and knocked plaintiff from the bridge, injuring him.

Defendant pleaded general denial, contributory negligence, assumed risk and that Willig and plaintiff were fellow servants.

Verdict was for the defendant. All assignments complain of the charges.

The following paragraph of the charge is attacked, first, because if Willig was a vice-principal and if plaintiff was injured in obeying his order with the assurance that Willig would assist and protect him, he was not chargeable with contributory negligence or assumption of risk as a matter of law, and the reference to the issues of contributory negligence and assumed risk was unauthorized and was calculated to confuse and mislead the jury; and second, because the charge was contradictory in this: That after instructing the jury to find for plaintiff on the theory of vice-principal it told them not to do so if they found them to be fellow servants:

"If from a preponderance of the evidence you believe that William Willig was entrusted by the defendant with the power to superintend, direct, control and manage plaintiff while in the performance of his work; and that in virtue of such power the said Willig ordered and directed the plaintiff, while the plaintiff was engaged in removing a tie from a gravel deck, to get down into a trench and to lift the tie off the guard rail, and that such order of direction, if such there was, was given in such a way and under such circumstances as to reasonably justify plaintiff in believing, and that he did believe that said Willig by the exercise of ordinary care could and would hold the other end of the tie under the rail of the track so that it would not slide out or turn over and injure him, and if you further believe that said Willig, by the exercise of ordinary care, could have held the other end of said tie under the rail of the track so that it would not slide out or turn over and injure plaintiff, and that, acting in obedience to such direction and belief, that the plaintiff took a position astride of said tie and began lifting the same as directed by said Willig, and that, while doing so, the said Willig failed to hold the other end of said tie to prevent the tie from sliding out from under the rail, and that it was negligence on the part of said Willig to fail to hold the end of said tie, and that such negligence, if any, directly caused plaintiff's injuries, if any, and that the plaintiff has been thereby damaged, you will return a verdict for the plaintiff; unless you further

find that plaintiff was guilty of contributory negligence, or that he assumed the risk, or that plaintiff and said Willig were fellow servants."

This latter criticism is not sound. No jury of common intelligence would be supposed, after finding in favor of plaintiff on the fellow servant issue, to find to the contrary on the same issue. In other words, if under the first portion of the paragraph they concluded from the evidence that Willig had superintendence, direction and control of plaintiff, then they could not have been confused nor misled by the reference to the same issue in the concluding part of the paragraph, particularly when the court in the course of its charges defined a fellow servant to be one who did not have superintendence, control and direction of plaintiff.

The first objection proceeds upon the idea that if the act is done in obedience to the master's direction that it eliminates entirely the defense of contributory negligence or assumed risk. This is not true in all cases. (Jones v. Galveston, H. & S. A. Ry., 31 S. W. Rep., 706; Galveston, H. & S. A. Ry. v. Sanchez, 65 S. W. Rep., 894; Haywood v. Railway, 85 S. W. Rep., 434.) The facts of this case demonstrate the inapplicability of such rule. Plaintiff testified that Willig did not order him to get astride the tie, but ordered him to get into the trench and lift it. He testified further that he could not lift it without straddling it, there being hardly room in the trench for him to stand in it. As we shall show in another connection, the jury could have found from the testimony (and from his own testimony) that it was not necessary to straddle the tie in order to execute the order, there was clearly room for such defense as contributory negligence or assumed risk.

The second assignment complains of the following paragraph of the charge: "If you believe from the evidence that William Willig was not entrusted by the defendant with the authority to superintend, control, command and direct plaintiff in the performance of the work in which he was engaged at the time he was injured, then said Willig and plaintiff were fellow servants and you will return a verdict for the defendant." It is claimed that there was no evidence to support this instruction. Appellant has overlooked the statement of witness Trainor who was one of the gang, who testified that they were sent by Mr. Reynolds, their foreman, to go to work there, that they all picked their places, that they had no scratch boss (as Willig was denominated by the testimony of the other witnesses) that they all went down there and did their work and no one was boss of the other, that Willig never was boss. That they received their instructions from Mr. Reynolds, which were to go down there and take out those ties, and we understood from that what we were to do.

It is true that the testimony of this witness stood alone, but it doubtless was what the judge had in his mind when he submitted the issue. If we were called upon to decide where the preponderance of the evidence was upon this issue, we might feel warranted in holding that it was against the testimony of Trainor, but that is not the proposition. Appellant claims that there was no evidence that way, and we see that there was. The motion for new trial simply complains of the charge. It is not at all probable that counsel there took any other ground than they do here, or that they even advanced this ground. If they complained of the charge for the reason that there was no testimony of the

relations of fellow servant the trial judge having in mind the testimony of Trainor would naturally not have sustained it.

The third, fourth and fifth assignments are grouped. They relate respectively to the eighth and ninth paragraphs of the court's charge and to a special instruction asked by defendant. Each assignment refers to one of these charges and alleges in general terms that the court erred in giving it. All three were on the subject of contributory negligence and the propositions are that they, taken together, gave undue repetition to that issue, and also that they were contradictory of each other. We think the propositions not well taken. We should overrule them also for another reason which is that appellant has not the right under said assignments by grouping them in his brief to raise such questions. His assignments question each paragraph separately as erroneous in itself, and he is not entitled to say under them that, although each is correct, they, taken collectively, present an error. An assignment for this purpose should have alleged that the charges in reference to contributory negligence were contradictory, or were calculated to give undue prominence to that issue. We think appellant has no assignment that will support said propositions. Besides, to raise such a question as that one charge conflicts with another there should be an assignment so stating. (Houston Elec. Co. v. Robinson, 76 S. W. Rep., 209.) We think this applies as well to an objection that several charges on the same subject had the effect of making the issue too conspicuous. There is another proposition under the fifth assignment alleging that the special instruction was argumentative, contradictory, misleading and on the weight of evidence. This is not a single proposition, but involves several and is not properly briefed under the rules.

The sixth and seventh assignments complain of the charges on assumed risk, because, as the proposition states, "plaintiff was injured while performing his work in the manner and place directed by the vice-principal and he had the right to rely on the assurances of his vice-principal that he would protect him and was justified in obeying the order—the danger of doing so not being obvious to one in his situation—without being chargeable with the assumption of risk in so doing." The jury may have found in favor of plaintiff's contention that Willig was a vice-principal, still, as already explained, the evidence was such that admitted of the defenses' of contributory negligence and assumed risk.

The eighth assignment complains of the following instructions; "The jury are instructed that the burden of proof is on the defendant to show contributory negligence of the plaintiff, unless it appears from the plaintiff's own evidence. If it does so appear you will find for the defendant." The ground is that there is nothing in plaintiff's evidence suggesting contributory negligence.

We ascertain that plaintiff's own testimony shows that the trench was wide enough to admit of the jury finding that he could have stood in the trench and worked at this tie without having to straddle it. From his own testimony, without the aid of any other, such a finding could be sustained. We understand him to testify that the trench was flush up against the adjoining ties and narrowed toward the bottom where it was about fourteen or fifteen inches clear, and ties were nine inches wide, and were about nine or ten inches apart. Yet plaintiff

testified that he could not get into the trench as directed by Willig, and the only way he could work at the tie was by getting astride of it. The jury had the right to disbelieve this from the physical facts he himself related, and to find from them that he was negligent, and assumed a position of danger, in going about it as he did. See Texas & Pac. Ry. v. Reed, 88 Texas, 447 for similar charge sustained.

*Affirmed.*