GULF, COLORADO & SANTA FE RAILWAY COMPANY v. J. M. JACKSON.

Decided March 18, 1908.

**1.—Master and Servant—Assumed Risk—Duty of Master to Warn.**

A servant should use ordinary care to learn the duties of his employment and the safest way of performing them; he assumes risks that are as open and obvious to him as to the master, but he does not assume such risks as are not open and obvious, although incident to the employment, and of which, by reason of his inexperience, he is, in fact, ignorant, and this is especially so when the master knows the danger and fails to warn the servant.

**2.—Same—Case Stated—Cases Distinguished.**

A section hand upon a railroad was engaged in unloading gravel from a. car equipped with a "hopper bottom;" he had assisted in unloading seven or eight such cars under the immediate direction of his foreman as to the proper method to cause the gravel to move out; one of the cars was loaded with gravel of a different nature from the others, having no clay or other cohesive

matter in it, which fact was known to the foreman but was not known to the section hand; while engaged in unloading this car in the same manner as was employed in unloading the other cars, the gravel suddenly gave way, engulfed and injured the section hand.    Held, that the railroad company was liable. The cases of Missouri, Kansas & Texas Railway Company v. Spellman, 34 S. W. 298; Hightower v. Gray, 11 Texas Ct. Rep., 392; Jones v. Galveston, H. & S. A. R. R. Co., 31 S. W. 706, distinguished.

Appeal from the District Court of Milam County.    Tried below before Hon. J. C. Scott.

*J. W. Terry* and *A. H. Culwell,* for appellant.—The court erred in failing and refusing to grant this defendant a new trial on the eighth ground of its amended motion therefor, which was as follows:

This plaintiff was charged with knowledge of the ordinary laws of nature and gravitation, and this accident was purely the result of a failure to exercise but simple and ordinary care on the part of plaintiff.    A man never needs a warning of any danger incident to and surrounding such simple facts and conditions as were plainly apparent to this man at the time of his injury.    Missouri, K. & T. Ry. Co. v. Spellman, 34 S. W., 298; Jones v. G., H. & S. A. Ry. Co., 31 S. W., 706; Hightower v. Gray, 11 Texas Ct. Rep., 392; G. W. T. & P. Ry. Co. v. Smith, 11 Texas Ct. Rep., 572; Brown v. Miller, 2 Texas Ct. Rep., 427; Griffin v. O. & M. Ry. Co., 24 N. E., 888; Larich v. Moise, 24 Atlantic, 661; Naylor v. C. & N. W. Ry. Co., 11 N. W., 24; Carlson v. Sioux Falls Water Co., 65 N. W., 419; Stuart v. New Albany Mfg. Co., 43 N. E., 961; Brown v. Oregon Lumber Co., 33 Pacific, 557.

The evidence shows that the plaintiff was in a position to know as much about the conditions surrounding the work in hand at the time of the accident as the section foreman; the condition of the gravel was as plainly apparent to this man as it was to the section foreman, and whether the gravel in this car would stick together, or whether it was free-gravel, or whether it was mixed with gumbo, was as plainly apparent to the plaintiff as to the section foreman.    No duty devolved upon the section foreman to give this man any special warning of any of these conditions, and in all these respects the verdict of the jury is against the manifest weight and great preponderance of the evidence. Trinity & B. V. Ry. Co. v. Purdue, 18 Texas Ct. Rep., 245; Bonnet v. G., H. & S. A., 89 Texas, 96; Texas & N. Ry. Co. v. French, 86 Texas, 96; Railway Co. v. Martin, 51 S. W., 641; Seery v. Ry. Co., 77 S. W., 950; Quill v. Ry. Co., 93 Texas, 616; St. Louis Southwestern Ry. Co. v. Briscoe, 17 S. W., 775; Gulf, C. & S. F. v. Huyett, 15 Texas Ct. Rep., 502; Haywood v. G., H. & S. A. Ry. Co., 12 Texas Ct. Rep., 295; Gulf, C. & S. F. Ry. Co. v. Larkin, 82 S. W., 1026; Parrish v. M., K. & T. Ry. Co., 76 S. W., 235; Tucker v. National Loan & Investment Co., 80 S. W., 879; Texas & N. O. Ry. Co. v. Sherman, 87 S. W., 887; International & G. N. Ry. Co. v. Figures, 13 Texas Ct. Rep., 807; Rogers v. Galveston City Ry. Co., 76 Texas, 502.

*U. S. Hearrell* and *Sam Little,* for appellee.—When an employee is engaged to do certain kinds of labor, and is called upon by his master

to do unusual and more dangerous work, and in such work the employee is inexperienced, and the master knowing of the inexperience of the employee and knowing of the danger attending the more hazardous work, it is the duty of the master to warn the employee of the danger attending the unusual work, and a failure to warn the employee is negligence upon the part of the master, and if such failure to warn the employee is the proximate and direct cause of the injury, the master is liable. Texarkana Table & Furniture Co. v. Webb, 86 S. W., 782; Gibson v. Freygang, (Mo.), 87 S. W., 3; San Antonio & A. P. Ry. Co. v. Adams, 32 S. W., 733; Missouri P. Ry. Co. & I. & G. N. Ry. Co. v. White, 76 Texas, 102; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Missouri Pac. Ry. Co. v. Watts, 64 Texas, 568; Texas & N. O. Ry. Co., v. Conway, 98 S. W., 1070; Waxahachie Cotton Oil Co. v. McLain, 66 S. W., 226; Newbury v. Getchel & Martin Lumber Co., 62 Am. St. Rep., 582; Daly v. Kiel, (La.), 30 So. Rep., 254; 22 Am. & Eng. R. Cas., 320; L. & N. Ry. Co. (Tenn.), 19 Am. & Eng. R. R. Cases, 500.

RICE, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover damages for personal injuries alleged to have been received by him on the 31st day of March, 1906, while he was engaged as a section hand in the service of appellant. He alleged that he was called upon by his foreman and directed to unload some gravel cars, work that was unusual as well as dangerous; that he was inexperienced in such work, which fact was well known to his superior; that on said day he had assisted in unloading a few cars which were loaded with strippings, that is, with clay, gumbo and gravel mixed; that in unloading such cars he was instructed by his superior to get upon the top of said cars and with a linebar, punch a hole through the strippings, in order to start the gravel and earth, so that it would run out and empty upon the road-bed; that after he had aided in unloading a few cars of such strippings or gravel mixed with clay and gumbo, his superior in charge put him to work upon another car that was not composed of any or very little clay and gumbo, but consisted of pure gravel, the unloading of which in a similar manner to the others as directed by his superior, was attended with great danger, that his superior in charge knew that this car contained gravel and not strippings or gumbo, which fact was not known to appellee, that said superior knew, or should have known, that it was dangerous to get out on the top and near the middle and attempt to unload or start to unload the same by working a way through it with the bar as the other cars were unloaded, but that, notwithstanding such knowledge, he ordered appellee to get upon said car and punch a hole through the gravel to start the same, so as to unload it; that appellee was inexperienced in such work, unacquainted with the danger attending the same, and obeyed the instructions of his superior, and that while unloading said car as directed, the gravel gave way, precipitating him beneath the car and partly enveloping him in said gravel, whereby he was seriously injured by the great weight and force thereof; that it was the duty of appellee's superior to warn him of such danger and a failure so to do was negligence on the part of appellant; that if he

had been warned the injury would not have happened, and the failure so to do was the proximate cause of appellee's injury.

Appellant answered by general and special exceptions, general denial, pleas of assumed risk and contributory negligence.

The case was tried before a jury, resulting in a verdict and judgment in favor of appellee for the sum of $1000, from which judgment this appeal is prosecuted.

The questions raised by the first, second, third, fourth and fifth assignments of error may be treated together, as they practically relate to the same supposed errors committed by the court below; and by them appellant urges that the court erred in refusing to grant the defendant a new trial on the ground that plaintiff was charged with a knowledge of the ordinary laws of nature and gravitation; that the accident was purely the result of a failure to exercise ordinary care on the part of appellee, and that the law does not require the master to warn a servant as to any injury arising from and incident to such conditions as are plainly apparent to the servant at the time of the injury; that the work he was engaged in doing at the time of the accident was regular work pertaining to the business of a section hand, and the kind which he was employed to perform; that there was no increased risk or hazard pertaining to the particular work or the manner in which it was being performed at the time of the accident over the risks usually pertaining to such work; that the evidence disclosed that appellee was a man of mature years, who had been engaged in doing the work of a section hand for some eighteen months, and that he knew or was in a position to know how to perform the work of unloading the gravel car as well as any other man in the service; that no particular skill was required to perform the same; that he knew at the time that he got upon the gravel car to empty the same that the bottom thereof had been removed and that nothing sustained said gravel or prevented the same from falling through except its own cohesive force; that he knew as a man of ordinary prudence that said gravel was likely to fall through the opening, made for it at any moment, and he was charged with knowing, as a man of ordinary prudence, that he was likely to fall through said opening, because there was nothing to support him upon the top of the same; that each and all of the conditions surrounding the particular work in hand were known to appellee, on account of which he assumed the risk of resulting injuries, and that in consequence thereof no duty devolved upon the section foreman, or his superior, to give him any special warning of these conditions, and that in all these respects the verdict of the jury was against the manifest weight and great preponderance of the evidence.

From the record we take the material facts, which show that the appellee was engaged as a section hand by appellant at the time of the injury; that he had been at work in said employment for some eighteen months prior thereto, during which time he had principally been engaged in the ordinary work of a section hand, that is, in keeping the track in repair and in good condition; that it was his duty to do anything that he was called upon to do; that he had never before this time unloaded or assisted in unloading gravel cars, and that this

character of work was not ordinarily done by section hands, but by a separate crew, that at the time of his injury appellee and the other section hands were at work unloading a train of gravel cars; that the work was being done under the direction of the assistant roadmaster and R. C. Murphy, the section foreman; that Murphy was on the car at the time appellee was injured, directing the work; that said gravel cars had what are called hopper bottoms, that is, bottoms which opened out, so that the contents thereof could be emptied upon the track; that the contents of the cars first unloaded by them on this occasion consisted of what is known as strippings or gumbo, that is, gravel mixed with clay and earth, which adhered together; that in order to unload the same the section foreman had directed the section hands to take cross-ties and strike upon the sides of the cars, and also for them to get upon the top of the cars with a line-bar and punch a hole through the gravel in the center of the car, so that the contents thereof would be discharged upon the track; that he had assisted in unloading on said occasion several of said cars loaded with strippings or gumbo, composed of gravel, clay and earth; that the car from which appellee sustained his injuries was not loaded with strippings or gumbo, but was loaded with what is known as pure or free gravel, but which fact was not known to appellee, because it had been raining upon these cars, which made the contents all look alike; that it is much more dangerous to unload a car containing pure gravel than one containing strippings or gumbo, the latter adhering and sticking together, and being more difficult to dislodge from the car than free gravel; that appellee, in obedience to the express order and direction of his superiors, the section foreman and roadmaster, and being entirely inexperienced in such work, and without knowledge of the danger incident thereto, and relying upon the supposed knowledge of his superiors, without any warning from them of any danger, got upon this last car with a line-bar while the same was being unloaded and began, as directed, to punch a hole in the middle of said gravel with said bar, whereupon suddenly and without warning to him, he was precipitated underneath the car and partially engulfed and encased in the gravel, from which he was extricated by the other hands in some 15 or 20 minutes, by digging him out; that he did not know that it was more dangerous to unload this car than the others; that if he had known it was a car of gravel instead of a car of strippings, he would not have gone to the center of the car with a line-bar to work, but would have remained on the side of the car and have used the handle of the bar thereby remaining out of danger; that the foreman had known him for some time and knew the character of work that he had been doing and knew that he had no experience in unloading gravel cars. It was shown that Murphy, the foreman, said at the time of the injury that the reason the gravel all fell through at once was that the same was solid gravel and the other cars were gumbo.

It was also shown that appellee was seriously injured by being so encased in said gravel; that he was mashed on the right side between the ribs and hips; that it affected his kidneys, causing them to discharge more freely than usual, causing him to have fever; that his

liver was affected, and that at the time of the trial (which was six or eight months after the accident) he was still suffering from the result of his injuries and still had fever and was unable to perform his usual work.

Appellant insists that the facts of this case bring it within the rule announced in the case of Missouri, K. & T. Ry. Co. v. Spellman, 34 S. W., 298, and Hightower v. Gray, 36 Texas Civ. App., 674, and Jones v. G., H. & S. A. R. R. Co., 31 S. W., 706, and other cases cited by it. We think the cases above mentioned are distinguishable from the one at bar.

In the Spellman case the plaintiff was engaged in getting out and loading gravel to be used on a railroad track. After having scooped out the gravel from under an overhanging rock and bank of earth, he was then ordered by the foreman to go above where he had been digging and dig a ditch or trench, in order that the ledge might be thrown down, and while so engaged the bank of earth gave way and precipitated him below, whereby he was injured.

In the case of Hightower v. Jones, *supra,* the plaintiff was employed to make an excavation beneath a house for a cellar, and was directed by the master to tunnel through the ground and knock down the rock above his head with a sledge hammer; and after he had worked for some days, and while he was engaged in breaking down the rock, knocking it with the hammer, a large piece fell on and injured him.

The court in each of the above cases held, and we think correctly, that the servant assumed the risk, because the danger was open and apparent in each instance, and the plaintiffs having assumed the risks were not permitted to recover. Here, however, it appears that the plaintiff had not been engaged in the same kind or character of work; that while he had assisted the other hands in unloading seven or eight cars about the time of his injury, still, the other cars were loaded with strippings or gumbo, a character of gravel which it was shown, ran out slowly, and that by reason of its adhesiveness, there was little or no danger in unloading it in the manner in which he had been directed, but that the car of gravel from which he was injured was not loaded with the same character of gravel, but contained pure gravel which would easily run out of the cars when being unloaded, thereby rendering it much more dangerous to unload than the others, but that plaintiff was unfamiliar with the unloading of gravel and was unable to discern or tell the difference between this and other cars from the fact that it had been raining upon them and from the outside they all looked alike. Besides this, it appears from the evidence that the section foreman, who had thus directed the work to be done, knew the difference between the contents of this car and the others, knew the increased danger of the work in hand, and failed to warn the plaintiff that there was any danger while unloading the same in the manner in which he had been directed. It was further shown that appellee relied upon the superior judgment of the section foreman, and was undertaking to do the work as directed by him.

In Hightower v. Gray, *supra,* it is said, among other things, that in all cases in which a servant has been held not responsible for assuming an unsafe position under the direct order of his master, he was shown

to have relied upon the superior judgment of such master; and that under circumstances where ordinary minds might differ as to the danger of a certain action, and the servant acts in obedience to the order of the master, upon whose superior judgment he relies, he would not thereby be cut off from recovering damages for injuries received in endeavoring to execute such orders.

We understand the law to be that the servant should use ordinary care to learn the duties of his employment and the safest way of performing the same, and that he assumes risks that are open and obvious to him as well as to the employer; but, that he does not assume the risk where he is inexperienced in the employment and ignorant of the danger incident to the work, and that the same is not apparent and obvious to him; nor is he under the circumstances indicated precluded by reason of having assumed the risk, especially when it is shown that the master knew the danger to which he was exposed and failed to warn him thereof. (Texarkana Table & Furniture Co. v. Webb, 86 S. W., 782; Gibson v. Freygang, 87 S. W., 3; San Antonio & Aransas Pass Ry. Co. v. Adams, 32 S. W., 733; Missouri P. Ry. Co. v. White, 76 Texas, 102; Missouri Pac. Ry. Co. v. Watts, 64 Texas, 568; Waxahachie Cotton Oil Co. v. McLain, 66 S. W., 226; Newbury v. Lumber Co., 62 Am. St. Rep., 582; Daly v. Kiel, (La.), 30 So. Rep., 254; 22 Am. & Eng. R. R. Cas. 320.)

In the Webb case, *supra,* where practically the same principle was involved, and the same defense urged, the facts show that Webb was directed by his superior to operate a hand-planer or joiner; he was inexperienced in its operation and ignorant of its dangers, which facts were known by the master; that his vice-principal in using the machine himself, reset the same so that it would cut ¼ of an inch instead of 1-16 of an inch, thereby rendering it more dangerous to use and operate, but which fact was not made known to Webb, and on resuming his work he was injured. He did not know of its increased danger and was not warned thereof. The court says, among other things, "Under such state of facts it was clearly the duty of appellant to warn appellee fully of the dangers and source from which such danger might be apprehended in the operation of said machine, and if it failed to do so it is liable to appellee for any injury he has sustained in consequence of such neglect."

In the case of Gibson v. Freygang, *supra,* the court says: "A servant does not, by implication of law, agree to assume the risks of injury from dangers known to the master but unknown to the servant and undiscoverable by him in the situation in which he is placed, unless the master informs him of such perils. The servant must be given an opportunity to observe the extent of the particular dangers he is called upon to face, or be informed of them, if the master would be released by implied contract from liability on their account. It is the duty of the servant to serve and obey; it is not supposed, when given a task to perform, that he will, on his own motion, consume his master's time in making comprehensive inspection to detect dangers. All that is required of him is that he use his senses in the position assigned to him, and as to dangers not apparent to him and not inherent

to the employment, he has the right to rely upon his master's judgment."

We are inclined to believe that the facts of this case bring the same within the rule announced in the cases above cited, and we therefore overrule these assignments.

Appellant urges by its sixth and seventh assignments that the court erred in refusing to give its special charge whereby the jury were directed to find a verdict for the defendant. These assignments are both overruled, because the pleading and the evidence required of the court to submit the issues to the jury; and it is never the duty of the court to instruct a verdict unless the evidence is of such a conclusive character as that reasonable minds can not differ as to its effect.

By its eighth assignment appellant insists that plaintiff's injuries, if any, were the result of an accident, unmixed with any negligence on the part of the railway company, and the recovery under these circumstances was not authorized, and that the verdict was against the manifest weight and preponderance of the evidence. What has been said in the discussion of the first to the fifth assignments inclusive, we think, disposes of this assignment. Besides, the court gave a special charge at the instance of appellant authorizing the jury to find for the defendant in the event they should believe that the injury received by the plaintiff was the result of an accident.

By its ninth and tenth assignments appellant assails the law as announced in the fourth and fifth paragraphs of the court's charge to the jury. The fourth paragraph tells the jury that the servant, by entering the employment of the master, thereby assumes all ordinary risks and hazards incident to his employment and the service undertaken by him; however, if the work he is called upon to perform is unusual and not customary and more dangerous than his usual and customary work, and if the servant is inexperienced in such unusual work and ignorant of the danger and hazard incident thereto, and if such hazard and risk are not reasonably indicated or apparent by the nature of the work, and if the master knowing of such risks and hazards, also knowing of the inexperience and ignorance of the servant, fails to warn him of the danger and risks thereto in such unusual work, and the servant is thereby injured, and the injury was the result of the failure on the part of the master to give the necessary warning, the master is liable.

The fifth paragraph of said charge undertakes to apply the principles of law announced in the fourth paragraph directly to the facts as made by the evidence. In our judgment, said paragraphs state the law correctly, and pertinently applies the same to the facts of the case. So believing we overrule these assignments. (Receivers International & G. N. R. R., v. Moore, 22 S. W., 272; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Galveston, H. & S. A. Ry. Co. v. Hughes, 54 S. W., 264; Id. v. Renz, 59 S. W., 280; Texas & P. Ry. Co. v. Utley, 66 S. W., 311.)

By its eleventh assignment of error appellant claims the court erred in instructing the jury as follows: "If you believe from the evidence that the plaintiff, in going upon the car of gravel at the time he did and in attempting to unload the same under the circumstances exist-

ing at the time and in the manner he did, it was a failure on the part of plaintiff to use ordinary care, and that such failure, if there was such failure, caused or contributed to cause plaintiff's injury if he was injured, you will find your verdict for the defendant, although you may believe that defendant was guilty of negligence, as alleged by plaintiff in his petition." We see no error in the charge as given. It seems to us to be favorable to appellant, and appellant has cited no authority to support its contention. We therefore overrule this assignment.

Appellant's twelfth assignment of error is overruled because, in our judgment, there was no error in the action of the court in giving the charge complained of to the jury, for the reasons heretofore pointed out under previous assignments.

By its thirteenth assignment of error appellant complains of the action of the court in failing to give its special charge No. 5. We do not think there is any merit in this assignment, because this phase of the case was covered by the main charge of the court, and this assignment is therefore overruled.

By its fourteenth assignment of error appellant claims that the court erred in failing to give special charge No. 9 asked by it, which is as follows: "You are charged that the master does not owe the servant the duty to warn him relative to the dangers incident to the work such servant is employed to perform, unless the performance of such work involves an extra hazard, or unless the work in hand is extra dangerous. And in this case the defendant was not required to warn the plaintiff before requiring him to unload the car of gravel, unless the unloading of said car of gravel was attended with greater danger and was more hazardous in the way and manner such work was then being done than was usual in the performance of all such work."

The above charge entirely omits to incorporate the idea of plaintiff's inexperience in said work, and also that said work was unusual. Therefore, this charge as presented, did not fully cover the law of the case as made by the evidence and was properly refused.

For a similar reason the court did not err in refusing to give appellant's charge No. 10, which action is urged as error under appellant's fifteenth assignment, which is likewise overruled.

There was no error committed by the court in refusing to give appellant's special charge No. 8, as complained of in the sixteenth assignment, the principles of law involved therein having been fully given in the main charge of the court.

Finding no error in the action of the court below, the judgment is affirmed.

*Affirmed.*

Writ of error refused.