The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## BRIDGES et al. v. WILLIAMS.
### No. 5550.

.Court of Civil Appeals of Texas. Amarillo.
April 19, 1943.

Rehearing Denied May 17, 1943.

Joe Burkett, of San Antonio, for appellants.

John M. Barron, of Dallas, for appellee.

PITTS, Chief Justice.

This is a suit filed in the District Court of Caldwell County by appellee, W. L. Williams, against appellants, L. H. Bridges and Leonard Hal Bridges, Jr., as well as other defendants whose rights were disposed of without an appeal, alleging that L. H. Bridges was indebted to appellee in the sum of $6,563 as a balance due on a note secured by a mortgage upon which judgment was previously obtained, which judgment with an execution thereon authorized the sheriff to sell certain property hereinbelow described, belonging to appellant L. H. Bridges; that said property was of the reasonable value of $1,500 and was covered by a blanket clause in said mortgage of date December 20, 1938, executed by L. H. Bridges to one D. H. Reeves who later transferred said note and mortgage to appellee who then reduced same to judgment; that said property in question consisted in part of one Cranston newspaper press with appliances capable of printing a seven-column newspaper, the permanent file of the Luling Signal newspaper composed of bound volumes of former issues of said newspaper, and all other equipment used in the Luling Signal printing plant; that the sheriff of Caldwell County, at the request of appellee, levied on said property on May 15, 1941, in compliance with the terms of appellee's judgment previously procured and appellant Leonard Hal Bridges, Jr., made and filed an affidavit and bond claiming said property to be his; that said property was then released by the sheriff to Leonard Hal Bridges, Jr.; that appellant L. H. Bridges had fraudulently transferred said property, together with other property listed below, to his wife, Lois Bridges, on October 7, 1940, and then joined his said wife in fraudulently transferring on October 8, 1940, to their son, Leonard Hal Bridges, Jr., all of the above-listed property together with one Model 8 Linotype Machine, No. RE34901, including appliances, and one motor-propelled newspaper folder, for the purpose of defrauding his creditors and especially appellee; that appellant Leonard Hal Bridges, Jr., knew nothing of the transfer being made to him; that appellant L. H. Bridges was insolvent and did not have other property exempt from execution sufficient to pay his debts; and prayed for judgment setting aside the transfers above mentioned and that the property above enumerated be sold under execution and the proceeds applied on the judgment debt of appellee. Appellee prayed further for a judgment for damages against appellant Leonard Hal Bridges, Jr., in the sum of $1,500.

Appellants denied generally and specially appellee's allegations and answered further that the property in question all belonged to Leonard Hal Bridges, Jr.; that none of it was covered in the mortgage or judgment heretofore mentioned; and that L. H. Bridges had no interest in any of said property.

When the case was called for trial, appellant Leonard Hal Bridges, Jr., acting through his attorney, filed a motion for postponement or continuance of the case for the duration of the war, setting out that he was engaged in active duty as a soldier in the United States Army and could not attend the trial to protect his best interests, and offering uncontradicted evidence in support of his motion, which was overruled by the trial court, to which action said appellant excepted. The trial court required appellee to file a bond in the sum of $2,900 indemnifying appellant Leonard Hal Bridges, Jr., against loss or damages should any judgment entered against him be set aside in whole or in part, and such was done.

The case was ordered to trial before a jury. After the close of the evidence the trial court, seemingly on his own motion, instructed the jury to return a verdict for plaintiff, who is appellee herein, finding the transfers in question to have been fraudulently made and thus void as against appellee Williams. Judgment was rendered accordingly and all of the property ordered sold under execution and the proceeds applied on the balance of the judgment held by appellee against appellant L. H. Bridges, from which judgment this appeal was perfected to the Court of Civil Appeals of the Third Supreme Judicial District and transferred by the Supreme Court of Texas to this Court.

Appellee did not file a brief with this Court and we have only the advantages of appellants' brief which we may accept as reflecting correctly the facts and record in the case, under Rule No. 419, Texas Rules of Civil Procedure.

Appellants complain, first, that the trial court erred in overruling the motion for a continuance filed by Leonard Hal Bridges, Jr., who was actively engaged as a soldier in the United States Army and could not be present to protect his interests. Section 201 of the United States Soldiers' and Sailors' Civil Relief Act of 1940, the same

being 50 U.S.C.A.Appendix § 521, Article 2, General Relief, provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

Section 200, the same being 50 U.S.C.A. Appendix, § 520, of the same Act, provides: "* * * Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act."

■ It appears that appellants were able to make a supersedeas bond and thus hold possession of the property in question and keep the business in progress and through the efforts largely of appellant L. H. Bridges, the appellant Leonard Hal Bridges, Jr., has not sustained much, if any, loss or damages and may not sustain any in view of the disposition we are making of this case as a result of other assignments of error made. However, it appears to us that appellant Leonard Hal Bridges, Jr., was handicapped in making his defense and that his legal rights may have been prejudiced and his defense materially affected by reason of his absence due to his military service, since he claimed to have owned all the property finally affected by the judgment of the trial court.

■ Appellants complain further that the trial court erred in peremptorily instructing the jury for appellee, because the pleadings and evidence raised several issues of fact that should have been submitted to the jury. In this contention we agree with appellants. The parties definitely joined issue by their pleadings on the question of fraudulent transfer of property, and the evidence was contradictory when appellee claimed that the property in question belonged to L. H. Bridges, that a part of it was included in the mortgage he held to secure a debt, and that all of it had been transferred by appellant L. H. Bridges to Leonard Hal Bridges, Jr., to defraud his creditors, while appellant L. H. Bridges testified that he had never owned the property in question, that none of it was included in the mortgage or judgment with execution in question, and that a part of said property was purchased by Luling Publishing Company which was owned by appellant Leonard Hal Bridges, Jr., and Clyde E. George. In support of such claim, appellants introduced a bill of sale of date September 6, 1933, covering the property in question. The record discloses that Leonard Hal Bridges, Jr. claimed all the property in question and there is other positive evidence and some circumstantial evidence sufficient to raise an issue of fact for the jury.

"Obviously, when appropriate, the jury may be charged that fraud can be proved as any other fact, by either direct or positive testimony or by circumstantial evidence." 20 Tex.Jur. 543, sec. 187; Freiberg v. Elliott, Tex.Sup., 8 S.W. 322; and Jack v. El Paso Fuel Co., Tex.Civ.App., 38 S.W. 1139.

■ 20 Tex.Jur. 528, sec. 176, holds that a conveyance made with intent to defraud creditors is ordinarily a question of fact for a jury and that it is error for the trial court to direct a verdict, and cites numerous authorities in support of the rule.

"It is never the duty of the court to instruct a verdict unless the evidence is of such a conclusive character as that reasonable minds cannot differ as to its effect." Gulf, C. & S. F. R. Co. v. Jackson, 49 Tex. Civ.App. 573, 109 S.W. 478, 482, writ refused.

■ It is error to direct a verdict unless the evidence is conclusive to the degree that only one conclusion is reasonably possible from it. Sigmond Rothschild Co. v. Moore, Tex.Com.App., 37 S.W.2d 121; Pure Oil Co. v. Swindall, Tex.Com. App., 58 S.W.2d 7; and numerous other authorities.

"The case should always go to the jury when the evidence, though it leaves little doubt as to the facts, is open to different material and decisive conclusions or infer-

ences which may properly be drawn from it." 41 Tex.Jur. 940, sec. 170; Peoples Mut. Life Ass'n v. Martindale, Tex.Civ. App., 80 S.W.2d 484.

It is our opinion that the trial court committed error when he directed a verdict for appellee.

For reasons assigned, the judgment of the trial court is reversed, and the cause remanded.